**Michael HAHN, Plaintiff-Appellant,**

v.

**HANK'S AMBULANCE SERVICE, INC.,
Defendant-Appellee.**

**No. 85–7414
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 22, 1986.

Rehearing and Rehearing En Banc
Denied June 3, 1986.

C. Stephen Trimmier, Trimmier & Pate, Birmingham, Ala., for plaintiff-appellant.

Douglas J. Centeno, Schoel, Ogle & Benton, Birmingham, Ala., for defendant-appellee.

Before RONEY and HATCHETT, Circuit Judges, HENDERSON, Senior Circuit Judge.

PER CURIAM:

█ In this case of first impression, we hold that an ambulance company which charges its customers an additional $5.00 when they do not pay by cash or check at the time services are rendered is not subject to the Truth-in-Lending Act, 15 U.S. C.A. § 1601 *et seq.* The district court concluded correctly that "[a] small flat charge for the bookkeeping cost of processing delayed payment in no way geared to the amount of the bill, simply does not implicate Truth-in-Lending."

█ Initially, we find persuasive the district court's rationale that the ambulance company is not extending "credit" within the meaning of 15 U.S.C.A. § 1602(e). The company does not grant a right to defer payment of a debt or to incur debt and defer its payment. It simply assesses a charge in light of the customer's failure to pay the company at the time the service is performed, in accordance with customary policy.

█ Moreover, we hold that the charge in issue is not a "finance charge" within the meaning of the Act, but rather is more in the nature of a "late payment charge" exempt from the Act's reach under 12 C.F.R. § 226.4(c)(2) ("Charges for actual unanticipated late payment, for exceeding a credit limit, or for delinquency, default, or a similar occurrence."). The charges do not vary over time or relate to the amount of the total bill; it is a one-time flat fee to cover the increased costs to the ambulance company resulting from being forced to carry the outstanding bill on its books and records. The fact that it is labelled a "time pay price differential" does not affect its underlying nature. *See Bright v. Ball Memorial Hospital Association,* 616 F.2d 328 (7th Cir.1980).

AFFIRMED.